Harold M. Jaffe, Esq. (Calif. State Bar #57397)
**LAW OFFICES OF HAROLD M. JAFFE**
3521 Grand Avenue
Oakland, CA 94610
Tel: (510) 452-2610 ● Fax: (510) 452-9125

Brian W. Newcomb, Esq. (Calif. State Bar #55156)
**LAW OFFICES OF BRIAN W. NEWCOMB**
770 Menlo Avenue, Ste. 101
Menlo Park, CA 94025
Tel: (650) 322-7780 ● Fax: (650) 327-0619

Attorneys for Plaintiffs AMY LYNNE BAILLIE and KATHRINE ROSAS, on behalf of Themselves and All Others Similarly Situated, and as Private Attorney Generals

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY LYNNE BAILLIE and KATHRINE ROSAS, on behalf of Themselves and All Others Similarly Situated, and as Private Attorney Generals,<br><br>Plaintiffs,<br><br>vs.<br><br>ACCOUNT RECEIVABLE MANAGEMENT OF FLORIDA, INC., formerly known as UNITED LEGAL CORPORATION, a Florida corporation, MTE FINANCIAL SERVICES, INC., INSTANTCASHLOANTILLPAYDAY.COM, PROCESSING SOLUTIONS, LLC., INSTANT CASH USA, FIRST EAST, INC., FAST FUNDING THE COMPANY, INC., RIO RESOURCES, THOMAS ASSENZIO (sued herein as DOE 1) and JOLENE HART ASSENZIO (sued herein as DOE 2) and DOES 3 to 100, inclusive,<br><br>Defendants.<br>_____ / | Case No. C11-00021 CW<br><br>[~~PROPOSED~~]<br>**STIPULATION AND ORDER; DECLARATION OF HAROLD M. JAFFE TO CHANGE TIME OF DEFENDANT THOMAS ASSENZIO'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br>**[CIVIL LOCAL RULE 6-2]**<br><br><br><br><br><br><br><br>**COMPLAINT FILED:** May 22, 2007<br>**REMOVED:** January 4, 2011<br>**TRIAL DATE:** None Set |

Pursuant to the agreement of the parties, the attached Declaration of Harold M. Jaffe, the parties hereby stipulate by and through their respective counsel, as follows:

Defendant, THOMAS ASSENZIO's motion to dismiss for lack of personal jurisdiction currently set for February 17, 2011, shall be continued to a later date set by the Court, after plaintiffs' motion to remand has been heard and determined, which is also set on February 17, 2011. If

1

1  plaintiffs' motion for remand is granted, there will be no need to reset Mr. ASSENZIO's motion to
2  dismiss; however, if plaintiffs' motion is denied, the parties request that a new date for ASSENZIO's
3  motion to dismiss be set upon agreement of the parties and approval by the court.

4      This Stipulation is without prejudice to plaintiffs' right to seek limited jurisdictional
5  discovery in connection with any motion to dismiss for lack of personal jurisdiction, and
6  ASSENZIO's right to contest the plaintiffs' right for limited jurisdictional discovery in relation his
7  motion to dismiss.

8      This Stipulation may be executed in counterparts, each of which shall be deemed an original,
9  but all of which, together, shall constitute one and the same Stipulation.

10     This Stipulation shall be effective when signed by facsimile and/or electronic scan and
11 delivery. The parties shall exchange original signatures; however, the failure to exchange original
12 signatures shall not affect in any manner the validity of any document signed by facsimile and/or
13 electronic scan and delivery.

15 DATED: January 12, 2011        *Harold M. Jaffe*
16                                               HAROLD M. JAFFE, on behalf of HAROLD M. JAFFE and BRIAN W. NEWCOMB, Attorneys for Plaintiffs AMY LYNNE BAILLIE and KATHRINE ROSAS, on Behalf of Themselves and All Others Similarly Situated, and as Private Attorney Generals

19 DATED: January 12, 2011        *Kenneth M. Dubrow*
20                                               KENNETH M. DUBROW, Attorney for Defendant THOMAS ASSENZIO

23 **<u>DECLARATION OF HAROLD M. JAFFE</u>**

24     I, HAROLD M. JAFFE, declare:

25     1.    I am an attorney at law duly licensed to practice in all courts of the State of
26 California and am one of the attorneys of record for plaintiffs, AMY LYNNE BAILLIE and
27 KATHRINE ROSAS, on behalf of Themselves and All Others Similarly Situated, and as Private
28 Attorney Generals ("plaintiffs"), herein.

2. The matters stated herein are within my own personal knowledge and belief and if called as a witness I could and would competently testify thereto.

3. As the record will reflect, this case was removed from the Alameda County Superior Court by defendant THOMAS ASSENZIO ("ASSENZIO") on January 4, 2011.

4. On January 11, 2011, plaintiffs filed a motion to remand this case to the Alameda County Superior Court, and ASSENZIO filed a motion to dismiss for lack of subject matter jurisdiction. Both the motion to remand the motion to dismiss are presently set to be heard by this Court on February 17, 2011, at 2:00 p.m.

5. The purpose of the stipulation is to agree that plaintiffs' motion to remand shall be heard prior to ASSENZIO's motion to dismiss for lack of personal jurisdiction. The Stipulation requests that if the motion to remand is denied, at that time, a new date for ASSENZIO's motion to dismiss will be set upon agreement of the parties and approval by the court.

6. There has been no previous time modifications in this case, whether by stipulation or court order.

7. The requested time modification will not affect scheduling in this case, because the case was just removed on January 4, 2011.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration is executed on January 12, 2011, at Oakland, California.

          *Harold M. Jaffe*
          HAROLD M. JAFFE

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

DATED: 1/14/2011

          THE HONORABLE CLAUDIA WILKEN,
          UNITED STATES DISTRICT COURT JUDGE